FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARLEY WALKER AND THE MARITAL COMMUNITY COMPOSED THEREOF,<br><br>    Plaintiff,<br><br>    v.<br><br>ELLENSBURG SCHOOL DISTRICT AND ELLENSBURG BOARD OF DIRECTORS, AND INDIVIDUALLY MICHAEL NOLLAN, CURTIS BULL, HEATHER HAZLETT, DAN SHISSLER, JENNIFER HACKETT, AND JONATHAN LEONARD,<br><br>    Defendants. | NO. 1:17-cv-3183-SAB<br><br>**ORDER RE: MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is Defendant's Motion for Summary Judgment, ECF No. 54. Oral argument on the motion was held on February 21, 2019, in Spokane, Washington. Michael Love was present for Plaintiff and Michael McFarland Jr. was present for Defendant.

    Plaintiff filed this lawsuit in federal court against his former employer claiming that he was fired from his position of executive director of business

**ORDER RE: MOTION FOR SUMMARY JUDGMENT ~ 1**

services, without good cause and during the term of his one-year contract. He alleges that his firing was due to unlawful animus held by the Ellensburg Board of Directors ("Board") who through a cat's paw arrangement induced Defendant Nollan to terminate Plaintiff. Plaintiff brings claims for wrongful discharge as a whistleblower, wrongful discharge based upon a breach of promise, wrongful discharge based on his exercise of free speech, procedural due process violations, breach of contract, age discrimination and retaliation. The Court has federal question jurisdiction under 28 U.S.C. § 1331 due to the First Amendment and 42 U.S.C. § 1983 claims, and supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims.[1]

Defendants dispute Plaintiff's claims, primarily arguing that Plaintiff was not terminated, but rather he was notified that Defendant Nollan had decided not to renew his contract at the end of the school year, and was placed on paid administrative leave for the remaining two-and-a-half months of his contract. Defendants maintain that Nollan's decision not to renew Plaintiff's contract was not influenced by the Board.

For the reasons contained herein the Court finds summary judgment is proper for all of Plaintiff's claims, and Defendant is entitled to dismissal with prejudice.

**Facts**

The Court finds the following facts to be undisputed. Plaintiff, Farley Walker, was employed by the Ellensburg School District for 14 years as the executive director for business services. In that position he was a "classified staff" member, a statutory term of art for some public-school employees in Washington.

---

[1] The Court exercises supplemental jurisdiction regarding the state-law claims under 28 U.S.C. § 1367, finding that judicial economy, convenience, and fairness outweigh comity concerns. Plaintiff, as master of the complaint, elected this forum, and dismissal of the state-law claims promotes judicial economy and fairness.

**ORDER RE: MOTION FOR SUMMARY JUDGMENT ~ 2**

Classified staff member's contracts are annual, ending with each school year, and during the scholastic year classified staff are severable for cause. Wash. Rev. Code § 28A.400.300.

In addition to these statutory protections, Mr. Walker's contract contained some quixotic provisions involving an annual evaluation using criteria that are inapplicable to Mr. Walker's job, as well as statutory protections regarding reassignment or transfer, which were imported from provisions regarding a separate subset of scholastic employees. ECF No. 59-8, * 2.

In his capacity as executive director of business services, Mr. Walker notified the Board of his concerns regarding the special education department being over budget, the failure to apply for grants that could help fund that department, and the potential defects with individual education plans ("IEP"). Mr. Walker also reported concerns about Amy Mills, an administrative assistant to the superintendent, abusing overtime policies.

In late 2016, the Board submitted an action plan regarding allegedly inappropriate behavior that Mr. Walker was reported to have exhibited, including aggressive conduct and insubordination. The then-Superintendent, Dr. Paul Farris, reported that Mr. Walker was in compliance with that action plan via several monthly reports.

In April of 2017, the Board fired Dr. Farris, and offered the position of interim superintendent to the assistant superintendent, Defendant Nollan. Nollan decided to not renew Plaintiff's contract, and consulted with the general counsel for the District, Jeaniue Tolcacher, regarding that decision. Ms. Tolcacher advised Nollan that he had the authority to not re-hire Mr. Walker at the end of the year.

Mr. Nollan also asked Ms. Tolcacher whether he had the authority to place Mr. Walker on paid administrative leave for the duration of his current contract, as he wanted to avoid the potential interpersonal conflicts that might arise if Mr.

**ORDER RE: MOTION FOR SUMMARY JUDGMENT ~ 3**

Walker were to remain at work after being told that he was not being rehired. Ms. Tolcacher advised Mr. Nollan that as long as Mr. Walker received all of his benefits he could be placed on paid administrative leave.

On April 12, 2017, Mr. Nollan met with the Board. At that meeting Mr. Nollan discussed his intention to not re-hire Mr. Walker. The next day, Mr. Nollan informed Mr. Walker of that decision and placed him on administrative leave. Mr. Walker was paid through the end date of his contract and received all benefits.

**Summary Judgment Standard**

Summary judgment is appropriate if the pleadings, discovery, and affidavits demonstrate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

When considering a motion for summary judgment, the Court neither weighs evidence nor assesses credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. When relevant facts are not in dispute, summary judgment as a matter of law is appropriate, *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), but "[i]f reasonable minds can reach different conclusions, summary judgment is improper." *Kalmas v. Wagner*, 133 Wash. 2d 210, 215 (1997).

//
//
//

**ORDER RE: MOTION FOR SUMMARY JUDGMENT ‒ 4**

## Discussion

### A. Mr. Walker Was Not Discharged

Plaintiff's employment was limited to one year. *Butler v. Republic Sch. Dist.*, 34 Wash. App 421, 422-23 (1983). Mr. Nollan's decision not to re-hire Mr. Walker is not the same as discharging him. *Black v. Brewer*, 302 F. App'x 669, 670–71 (9th Cir. 2008). ("Black entered into a one year contract for employment. This contract was not renewed. Black cannot cite any controlling statutory or common law precedent evidencing that . . . makes non-renewal of her fixed contract tantamount to a termination."). Nor does placing an employee on paid administrative leave constitute termination. *See e.g. Fuller v. Emp't Sec. Dep't of State of Wash.*, 52 Wash. App. 603, 604, 762 P.2d 367, 369 (1988) (ruling termination not final until during paid administrative leave period). Mr. Walker was not discharged, but placed on paid administrative leave for the remaining months of his contract.

### B. Plaintiff Lacks Adequate Evidence Linking Nollan's Non-Hiring Decision to Any Improper Motive

Plaintiff alleges that Defendant Nollan was acting as an agent of the Board, and that the Board instructed Nollan to not rehire Plaintiff. Mr. Nollan testified that his decision to not re-hire Mr. Walker was due to the culture he was attempting to build with his new administrative team and not influenced in any way by the Board or any board member individually. ECF No. 55. In briefing and at the hearing, Plaintiff attempted to overcome the absence of any evidence supporting his cat's paw theory by citing to facts involving parties other than Nollan and why they may have been motivated to influence Nollan. *See* ECF No. 83. However, this is not evidence that such influence occurred.

Under a cat's paw theory of liability, the improper motivations of a supervisor towards an employee can be imputed to a subordinate who makes

**ORDER RE: MOTION FOR SUMMARY JUDGMENT ~ 5**

employment decision adverse to that employee if the "supervisor performs an act motivated by . . . animus," that is "*intended* by the supervisor to cause an adverse employment decision," and if the supervisor's act is a "proximate cause of the ultimate employment action." *Boyd v. State, Dep't of Soc. & Health Servs.*, 187 Wash. App. 1, 20 (2015). In order to be a proximate cause, the supervisor's action must be substantial factor in the final decisionmaker's decision. *Id.*

Plaintiff attempts to show that other individuals harbored animus towards him and that Nollan met with some of those individuals prior to making the decision to not re-hire Walker. However, this animus-in-the-air theory falls short of what is required to support a cat's paw theory of liability. Cat's paw liability does not hold the employer automatically liable if a decisionmaker's supervisor holds a bias against an employee subject to an adverse employment decision. *City of Vancouver v. Pub. Emp't Relations Comm'n*, 180 Wash. App. 333, 354–56 (2014). If a recommendation of a supervisor has little effect on the decisionmaker, or if they reach an independent decision, the supervisor's animus did not cause the adverse employment decision. *Felt v. City of Bellevue*, 2009 WL 1065877 * 4 ( April 20, 2009). The employee bears the burden of proving causation under subordinate bias liability. *City of Vancouver*, 180 Wash. App. at 356–57. Plaintiff produces no evidence of an "act" performed by the Board or a board member that influenced Defendant Nollan's decision.

In other cases using a cat's paw theory, plaintiffs presented evidence that the final decisionmaker was influenced by the supervisor with animus, whether directly or indirectly. In *Davis v. State, Wash. State Patrol*, there was evidence that the decisionmaker "relied heavily" on the biased person's evaluation in making the employment decision., 2014 WL 5144762, * 8 ( Oct. 13, 2014). In *Allison v. Hous. Auth. of City of Seattle*, poor performance evaluations and allegedly undeserved reprimands, crafted by biased supervisors, formed the basis

**ORDER RE: MOTION FOR SUMMARY JUDGMENT ? 6**

for the direct decisionmaker's choice to terminate the plaintiff. 118 Wash. 2d 79, 97 (1991).

Nollan did not rely upon the 2016 performance plan, or any other actions of the Board, in making his independent decision to not rehire Plaintiff. Thus, the evidence Plaintiff provides to support the inference that board members held animus due to Plaintiff's alleged whistleblowing misses an essential causal link.

Because Plaintiff cannot support the inference that Nollan was motivated by any improper motivation in making the decision not to re-hire, summary judgment is proper on all of Plaintiff's non-contract claims. The Court need not reach the issue of qualified immunity, but notes that summary judgment is proper regarding each claim notwithstanding the lack of evidence supporting the cat's paw theory.

### C. Whistleblower Claim

Plaintiff brings a claim for wrongful discharge under Wash. Rev. Code § 42.41.040, Washington's whistleblower protection statute for local government employees. That statute contains administrative prerequisites to suit which Plaintiff failed to exhaust. Wash. Rev. Code § 42.41.040(2). Summary judgment on Plaintiff's statutory claim is thus proper. To the extent that Plaintiff's claim is based on the common law tort, he has no claim because there is no common law tort for disciplinary action less severe than termination. *White v. State*, 131 Wash. 2d 1, 19 (1997); *Woodbury v. City of Seattle*, 172 Wash. App. 747, 753 (2013). Summary judgement on the whistleblower claim is **granted.**

### D. First Amendment Retaliation Claim

Plaintiff brings a claim for retaliation and violation of his First Amendment rights. The elements of such a claim are (1) an adverse employment action, which (2) was substantially motivated by (3) constitutionally protected speech that is a matter of public concern. *Ulrich v. City & Cty. Of San Francisco*, 308 F.3d 968, 976 (9th Cir. 2002). The Court notes that placement on paid administrative leave

**ORDER RE: MOTION FOR SUMMARY JUDGMENT** ろ 7

can constitute sufficient adverse employment action for a retaliation claim, as can the non-renewal of a year-to-year contract. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).

As discussed above, Plaintiff has not created a genuine issue of material fact regarding the motivation for the adverse employment action. In addition, the speech that Plaintiff alleges led to the adverse actions is not constitutionally protected.

Plaintiff reported (a) a failure to seek Medicaid reimbursements, (b) a failure to apply for grants, (c) alleged overtime abuses, and (d) a failure to implement IEP's. These are not matters of public concern, under *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Plaintiff's citation to *Demers v. Austin*, 746 F.3d 402, 416 (9th Cr. 2014) is misapplied, as that case applied the *Pickering*, and not *Garcetti* test for academic writing. Unlike in *Pickering*, Plaintiff's speech was made internally and within the course of his employment. Summary judgment on the First Amendment claim is **granted.**

### E. WLAD Disparate Treatment Claim

Plaintiff alleges discrimination under the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code § 49.60.180. Plaintiff's claim is based upon the alleged disparate comparator treatment between himself, a white man over 40 years old, and Ms. Mills, a white woman, who is alleged to be younger than Plaintiff.

To establish a disparate treatment claim under the WLAD, Plaintiff must show (1) he belongs in a protected class; (2) he was treated less favorably in the terms of conditions of his employment; (3) than a similarly treated, nonprotected employee; (4) who were doing substantially the same work. *Johnson v. Dep't of Soc. & Health Servs.*, 80 Wash. App. 212, 227 (1996). Plaintiff's protected class is alleged to be a worker over the age of 40. However, Ms. Mills is not an

**ORDER RE: MOTION FOR SUMMARY JUDGMENT – 8**

adequate comparator as they were not doing substantially the same work. *Id.* Summary judgment on the WLAD claim is **granted.**

## F. Section 1983 Claim

Walker's 42 U.S.C. § 1983 claim fails because he cannot show a protected property interest. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, (1972) (holding university employee whose contract was not renewed had no property interest, so long as no allegations were publicly made which harmed his ability to seek other employment.) Walker's contract was set to expire in June, and he was paid for the duration of it. He did not have a property interest in renewal. Wash. Rev. Code § 28A.400.400. Thus, summary judgment on the 42 U.S.C. § 1983 claim is **granted.**

## G. Breach of Promise / Breach of Contract Claim

Plaintiff brings claims for discharge in breach of promise and breach of contract. Plaintiff's contract states that it is for one year, and will expire on June 30, 2017. ECF No. 59-8, *1. Plaintiff alleges that certain procedural provision in the contract were not provided. The relevant clause, titled "EVALUATION AND EXTENSION OF CONTRACT," reads as follows:

> The Executive Director of Business Services shall be evaluated by the Superintendent as provided by the Ellensburg School District Board Policy and Washington State Law under criteria established under RCW 28A.405.100(2). The results of that evaluation will be shared with the Executive Director of Business Services prior to March 1st of the contract year. The District retains the right to reassign or transfer the Executive Director of Business Services consistent with Washington State regulations and laws, including without limitation RCW 28A.450.230. Such notification of reassignment or transfer shall be made by the Superintendent no later than March 1st of the contract year. If the determination is made to extend the contract of the Executive Director of Business Services, the salary and benefits included in the extended contract will not be less than the salary and benefits in the previous contract.

**ORDER RE: MOTION FOR SUMMARY JUDGMENT ~ 9**

ECF No. 59-8, * 2. Walker argues that Defendants breached this contract by not providing him with the Wash. Rev. Code § 28A.405.100(2) evaluation. Section 28A.405.100(2) is clearly inapplicable: that provision applies to "certificated classroom teachers," and the criteria listed in the subsections all relate to teachers, such as curriculum development, instructional ability, and utilizing student testing data to individualize student learning. Wash. Rev. Code § 28A.405.100(2)(a),(b).

Defendants correctly point out the absurdity of evaluating Plaintiff based on the criteria for evaluating teachers. While the Contract is clear that Walker was entitled to such an evaluation every year, Walker is unable to show any damages resulting from the alleged breach of that provision. *See Storti v. Univ. of Wash.,* 181 Wash. 2d 28, 35 (2014) (noting that elements of breach of contract claim in Washington are (1) valid contract, (2) breach, which (3) results in damages).

Section 28A.450.230 provisions in the contract only apply to "reassignment or transfer," neither of which occurred here. Likewise, Plaintiff's final contractual claim is based on district policy 5280P, which relates in part to the termination of classified staff. ECF No. 59-14, at 588. That provision provides a right to a "pretermination meeting," in which the employee is advised as to why the employment agreement is being terminated. Plaintiff was not terminated, and thus that provisions does not apply. Summary judgment on the breach of promise and breach of contract claims is **granted.**

## Conclusion

Because Plaintiff was not discharged and has not create a genuine issue of material fact regarding any cat's paw relationship to impute improper motivation upon Defendant Nollan, summary judgment on all claims is proper. Additionally, each claim has alternative basis for summary judgment.

**ORDER RE: MOTION FOR SUMMARY JUDGMENT ~ 10**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, ECF No. 54, is **GRANTED.**

2. Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

3. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 4th day of March 2019.



Stanley A. Bastian
United States District Judge

**ORDER RE: MOTION FOR SUMMARY JUDGMENT ~ 11**